Petition of SAMUEL A. CHAMPLIN *et al.* for an Opinion of the Court.

Parties who concur in stating a case for the opinion of the court, pursuant to Pub. Laws R. I. cap. 563, § 16, of April 20, 1876, reënacted Pub. Stat. R. I. cap. 192, § 23, must be parties adversely interested in the question submitted.

CASE STATED for an opinion of the court under Pub. Laws R. I. cap. 563, § 16, of April 20, 1876.

*October* 13, 1880. DURFEE, C. J. This is a petition for the opinion of the court in regard to the construction and constitutionality of Pub. Laws R. I. cap. 608, of March 29, 1877, which gives authority to the Supreme Court and Court of Common Pleas in their discretion to hold sessions for Washington County by adjournment in Westerly, if it can be done without expense to the State.

The petition is preferred under Pub. Laws R. I. cap. 563, § 16, of April 20, 1876, which provides that "any person interested in any question of the construction of any statute of this State, or of any will, deed, or other writing, or of title or evidence of title to any real or personal estate contracted to be sold or which is to be

otherwise dealt with, or as to the parties to or as to the form of any deed or instrument for carrying such contract into effect, or as to any other matter or thing within the jurisdiction of a court of equity, may concur in stating such question in the form of a special case for the opinion of said court," etc. The court is of opinion that the petition does not come within this provision. The statute contemplates "a case" between opposing parties which the opposing parties, or at least some of them, "concur" in stating. The petition simply propounds questions; it does not state a case involving adversary claims for decision. The petitioners are not opposing parties. The court by answering their questions would simply gratify their curiosity, but it would settle or determine nothing. The petition is dismissed.

*Thomas H. Peabody & Albert B. Crafts*, for petitioners.